21 cv 1231

Charles Talbert
No. QA4727
SCI. Dallas
1000 Follies Road
Dallas. PA. 18612                                    August 1, 2021

Office of the Clerk                           FILED
U.S. Courthouse                               SCRANTON
235 N. Washington Ave.                        AUG 09 2021
P.O. Box 1148                                 PER _____
Scranton, PA. 18501-1148                           DEPUTY CLERK

Re: Talbert v. Wetzel, etAl., No. 21-1231, Hon. Judge Mannion

Dear Clerk of Court:

Kindly find my enclosed copy of my:
· supplemental attachments in support of my third-
  party beneficiary implied-in-law contract claims,

Thank you for your kind help and attention herein.

                              Yours Truly,

                              Charles Talbert

Charles Talbert
No. QA.4727
SCI. Dallas
1000 Follies Road
Dallas. Pa. 18612                                    August 1, 2021


United States District Court for the Middle District of Pennsylvania


Charles Talbert          No. 21.1231
Plaintiff,               Honorable Judge Malachy E. Mannion
   v.                    Plaintiff's Supplemental Attachments In
John Wetzel, et al.      Support of His Third-Party Beneficiary-
Defendant's.             Implied-In-Law Contract Claims.


Standard of Review:
    "Policy statements in employee handbooks form a contract
under Pennsylvania law only when the parties' intent is
clear and an employee reading the handbook could
reasonably believe that a contract for a definite term
did exist." See generally, Edwards v. Geisinger Clinic, 459
Fed. Appx. 125 (3rd Cir. 2012). Accordingly, with apparent
foresight of the Defendant's response in connection with
Plaintiff's failure to attach any contract or other form of
binding agreements, apparently, due to these business
contracts only being within their possession until a
court order rules to provide it, Plaintiff, respectfully
attaches hereto several policy statements to which sets
forth provisional insight of those business contracts.

I. Commonwealth of Pennsylvania · Department of Corrections Policy Statement No. 13.1.1., Management And Administration of Health Care Procedures Manual.

This policy statement sets forth provisional insight upon the Defendants' contract performance, and the monitoring of the specific services the contracted health care providers must provide to All DOC inmates, which, of course, includes Plaintiff, until he is no longer a DOC inmate. This policy statement should be respectfully admitted, and the proper tool to obtain the Actual contractual Agreements between Defendants in respect to health care services for DOC inmates.

II. Commonwealth of Pennsylvania · Department of Corrections Policy Statement No. 13.2.1., Access to Health Care Procedures Manual.

This policy statement sets forth provisional insight upon the health care services provided in the contract, and the exact manner in which they must be provided by the Defendants to all DOC inmates. This policy statement should be respectfully admitted, and the proper tool to obtain the actual terms and conditions between Defendants in respect to the health care services for DOC inmates.

III. Commonwealth of Pennsylvania · Department of Corrections

Policy Statement No. 13.8.1., Access To Mental Health Care
Procedures Manual.


This policy statement sets forth provisional insight
upon the mental health services provided in the con-
tract, and the exact manner in which they must be
provided by the Defendants to all DOC inmates. This
policy statement should be respectfully admitted, and
the proper tool to obtain the actual terms and con-
ditions between Defendants in respect to the mental
health services for DOC Inmates.


Plaintiff, And The Entire DOC Inmate Population, Are In
Fact, Third-Party Beneficiaries:
   "An intended third party beneficiary need not be ex-
pressly identified and recognized as such in the con-
tract. A party is a third party beneficiary if: (1) recog-
nition of the beneficiaries right to performance is
appropriate to effectuate the intention of the parties;
and (2) the party is a donee beneficiary because cir-
cumstances indicate that the promisee intends to
give the beneficiary the benefit of the promised
performance". See: Scarpitti v. Weborg, 530 Pa. 366 (1992).
In Scarpitti, the Court did note that "both parties of a
contract must express an intention to benefit the
third party". In Plaintiff's case, this interpretation can be
found true as to Plaintiff (being a DOC inmate), having a
right (per policy) to performance of health services

specifically identified in contract and through its own supportive policy. Scarpitti, also mentioned that "circumstances can be so compelling that recognition of the beneficiaries right is appropriate to effectuate the intention of the parties, and circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance". In Plaintiff's case, as aforementioned in the citation of Scarpitti, Plaintiff's name does not have to be "spelled out", per se, in the contract to be a third party beneficiary. Circumstances, of him being a DOC inmate, to whom health care services are intended for, is by virtue, compelling enough to demonstrate that Plaintiff, among other DOC inmates, are in fact, intended beneficiaries of the contracted benefit - health care services.

Implied-In-Law Contract:
   "A contract, implied at law is not really a contract at all, but a fictional contract, which is a form of the remedy of restitution". See generally: Martin v. Little, Brown & Co., 304 Pa. Super. 424, 450 A.2d 984 (1981) (where one person has been unjustly enriched at expense of another he or she must make restitution to other). See also, Alessandro v. Braddock, 37 Pa. Commw. 513, 391 A.2d 38 (1978) (Recipient of benefit is required to make restitution if circumstances of its receipt or retention are such that, as between 2 persons, it would be unjust for recipient to retain benefit). In addition to this plain

language of an implied-in-law contract, or in other words, a quasi contractual obligation imposed by law. it is a known fact that, Defendants have an organized procedure, for DOC inmates, during admission, to consider, and to accept or deny, services provided within the afore-mentioned Defendants' business contract. In fact, even after admission, this organized procedure continues, as an ongoing, "individual" process, to make each individual inmate an intended beneficiary, by way of establishing a sick call request procedure to gain an agreement to pay $5.00, in exchange for the Defendants' services.

In addition to the $5.00 of Plaintiffs being conferred upon Defendants for health care services, As noted in the complaint, the State has appropriated and sponsored funds, for each individual inmate, to the DOC, for the DOC to contract with health care Defendants, to fulfill the States obligation to each inmate. These aforesaid funds are appropriated and sponsored for the DOC inmates' benefit and conferred upon health care Defendants, through contractual agreements.

Conclusion:
For the reasons set forth herein, Plaintiff respectfully requests for this Court to accept the Policy Statements until actual contracts are provided during the course of discovery.
Respectfully submitted,

Charles Talbert                              August 1, 2021



Charles Talbert
RAY787
SCI. Dallas
000 Follies Road
Dallas, PA. 18612

'Inmate mail

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 18612 $ 000.20⁰
02 4W
0000356685 AUG 06 2021

FOREVER
USA
Barn Swallow

Office of the Clerk
TO: U.S. Courthouse

RECEIVED235 N. Washington Ave.
SCRANTON P.O. Box 1148
AUG 09 2021   Scranton, PA. 18501
PER
DEPUTY CLERK

LEGAL

18501B1148 B05B

RECEIVED
SCRANTON

AUG 09 2021

PER
DEPUTY CLERK

Inmate Mail - PA DEPT. OF CORRECTIONS