UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES TALBERT** : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:21-1231** |
| v. : | **(JUDGE MANNION)** |
| **JOHN WETZEL,** *et al.*, : | |
| **Defendants** : | |

## ORDER

Plaintiff, Charles Talbert, an inmate confined in the State Correctional Institution, Dallas, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). Currently pending before the Court is Plaintiff's motion for appointment of counsel. (Doc. 9). For the following reasons, the Court will deny the motion.

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), the court has discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent

litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. Montgomery, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1) the plaintiff's ability to present his or her own case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
(4) the plaintiff's capacity to retain counsel on his or her own behalf;
(5) the extent to which the case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57). In a non-precedential decision, Gordon v. Gonzalez, 232 F.App'x 153, 156 (3d Cir. 2007), the Third Circuit added two (2) other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in

presenting his or her case; and (2) the available supply of lawyers willing to accept §1915(e) requests within the relevant geographic area.

As an initial matter, the complaint appears to have arguable merit. However, Talbert fails to set forth circumstances warranting appointment of counsel. Tabron, supra, at 155-56. In his pleadings, Talbert demonstrates the ability to present comprehensible arguments. The legal issues in this case are relatively simple and will not require expert testimony. Furthermore, despite his incarceration, investigation of the facts does not seem beyond Talbert's capabilities. Finally, we note that this Court does not have a large group of lawyers at its disposal to appoint as counsel in actions such as this, nor are we confident that we could find an attorney who would represent this action in a *pro bono* capacity.

Based on the foregoing, it does not appear that Talbert will suffer prejudice if forced to prosecute this case on his own. Furthermore, this court's duty to construe *pro se* pleadings liberally, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Hence, the court will deny Talbert's motion for appointment of counsel. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Plaintiff.

**IT IS HEREBY ORDERED that** Plaintiff's motion for appointment of counsel, (Doc. 9) is **DENIED**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 10, 2021**
21-1231-02