UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES TALBERT                :
                               :   CIVIL ACTION NO. 3:21-1231
        Plaintiff              :
                               :   (JUDGE MANNION)
    v.                         :
                               :
JOHN WETZEL, *et al.*,         :
                               :
        Defendants             :

## MEMORANDUM

### I. Background

Plaintiff, Charles Talbert, an inmate currently confined in the State Correctional Institution, Camp Hill, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). He complains of actions which occurred at his former place of confinement, the State Correctional Institution at Dallas (SCI-Dallas), Pennsylvania. (Doc. 1, complaint). The action proceeds via an amended complaint. (Doc. 51). The named Defendants are the Department of Corrections; John Wetzel, DOC Secretary; Christopher Oppman, DOC Deputy Secretary of Administration; Tabb Bickell, DOC Executive Deputy Secretary of Institutional Operations; Tammy Ferguson, Eastern Region DOC Deputy Secretary; Wellpath Corporation and its employees Jorge Dominicis, Chief Executive; Scott

Prince, Medical Director; Centurion Medical Corporation and its employees Erick Weinstein, Chief Executive Officer; Adam Glushakow, Registered Nurse and Gina Harrison, Registered Nurse; Geisinger Clinic; and nineteen employees of SCI-Dallas. Id. Plaintiff's amended complaint, encompassed in a forty-seven (47) page diatribe, contain 265 paragraphs with nine (9) categories of claims: Health Care, Food Service, Mailroom Services, Internet Services, Endangerment of Welfare, Covid-19, Solitary Confinement, Contract, and Inmate Account. Id. These claims span from January, 2019 through August, 2021. Id. Within Plaintiff's nine (9) categories are allegations which include additional claimed constitutional violations against the named Defendants. Id. In addition to the nine (9) categories of claims, Plaintiff then sets forth the following fourteen (14) "counts": Deliberate Indifference-Health Care, ADA and Rehabilitation Act; Cruel and Unusual Punishment-Medical; Deliberate Indifference -Conditions of Confinement; Cruel and Unusual Punishment- Food; First Amendment; Excessive Force; Civil Conspiracy to Commit Health Care Fraud; Corporate Negligence; Retaliation; Breach of Fiduciary Duties and Misappropriation of Funds; Fraudulent Conversion; Breach of Third Party Contract and Implied in Law Contract; Supervisory Liability. Id.

Presently pending are four separate motions to dismiss, filed by Defendants Glushakow, Harrison, Dominicis, Prince, Wellpath, Geisinger and the remaining Corrections Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6) and a motion for summary judgment. (Docs. 91, 92, 120, 121, 136). Three of the Defendants' motions move for dismissal based on Plaintiff's amended complaint failing to conform to the dictates of Fed.R.Civ.P. 8(a)(2) and Fed.R.Civ.P. 20(a)(2). (Docs. 91, 92, 120). For the reasons set forth below, the Court will grant the Defendants' motions to dismiss Plaintiff's amended complaint for Plaintiff's failure to comply with Fed.R.Civ.P. 8(a)(2) and Fed R. Civ. P. 20(a)(2) and afford Talbert the opportunity to file a second amended complaint. The remaining motion to dismiss and motion for summary judgment will be dismissed without prejudice to renewal after the filing of Plaintiff's second amended complaint.

Also before the Court is Plaintiff's motion to compel discovery (Doc. 112) and Defendants' motions to stay discovery (Docs. 88, 123) pending the resolution of the pending motions to dismiss.

## II.   Rule 12(b)(6) Standard

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is

- 3 -

entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. Innis v. Wilson, 334 F. App'x 454, 456 (3d Cir. 2009) (citing Phillips v. Cnty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [Bell Atl. Corp. v.] Twombly, 550 U.S. 544 (2007) and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. 1937. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the

- 4 -

elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.

Connelly v. Lane Const. Corp., 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting FED.R.CIV.P. 8(a)(2)). At the second step, the Court identifies those allegations that, being merely conclusory, are not entitled to the presumption of truth. Twombly and Iqbal distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Iqbal, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## III. Discussion

### A. Amended Complaint

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(a)(2), states that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure §1652 at 371-72 (1986).

Talbert's amended complaint violates Federal Rules of Civil Procedure 8 and 20. Plaintiff's complaint is not simple, concise, and direct as required by Rule 8(d)(1). Moreover, it completely fails to comply with Rule 20. It is set forth in a forty-seven-page narrative and contains a plethora of alleged

constitutional violations occurring while Plaintiff was housed at SCI-Dallas, between January, 2019 and August, 2021. The claims against the various Defendants identify separate unrelated transactions and occurrences that do not involve an issue of law or fact common to all Defendants. The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA. Based on the above, the Court will grant Corrections Defendants' motions to dismiss. However, Talbert will be afforded the opportunity to file a second amended complaint.

### B. Motion to Compel

With respect to Plaintiffs' pending motion to compel discovery (Doc. 112), it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly,

Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets, the Court concludes that further discovery should be briefly stayed at this time until after the Court resolves any motions to dismiss Plaintiff's anticipated second amended complaint. We reach this conclusion in accordance with settled case law, finding that: "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Therefore, Plaintiff's motion to compel will be dismissed without prejudice to renewal once any motions to dismiss the second amended complaint are resolved. Defendants' motions to stay discovery pending resolution of the pending motions to dismiss Plaintiff's first amended complaint are dismissed as moot.

## IV. Conclusion

For the above stated reasons, the Court will grant the Defendants' motions to dismiss for Plaintiff's amended complaint for failure to conform to Fed.R.Civ.P. 8(a)(2) and Fed.R.Civ.P. 20(a)(2). (Docs. 91, 92, 120). Talbert, however, will be afforded the opportunity to amend his complaint for s second time. Remaining Defendants' motion to dismiss (Doc. 121) and motion for summary judgment (Doc. 136) will be dismissed without prejudice to renewal. Plaintiff's motion to compel (Doc. 112) will be dismissed without prejudice to renewal and Defendants' motions (Docs. 88, 123) to stay discovery will be dismissed as moot.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 16, 2021**
21-1231-01