UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES TALBERT,              :

      Plaintiff            :    CIVIL ACTION NO. 3:21-1231

   v.                            :         (JUDGE MANNION)

JOHN WETZEL, et al.,          :

      Defendants           :

## ORDER

In accordance with the Memorandum issued this date, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion to terminate Defendants Scott Prince, Michael Maciejczak, Kevin Ransom and Lea Martin and the claims raised against these Defendants, as well as to dismiss Plaintiff's Count Five – Exposure to Unsafe and Inhumane Conditions (Doc. 297) is **GRANTED**.

2. The Clerk of Court is directed to **TERMINATE** Defendants Scott Prince, Michael Maciejczak, Kevin Ransom and Lea Martin from the above captioned action.

3. The motion to dismiss, filed on behalf of Defendant, Scott Prince, (Doc. 188) is **DISMISSED** as moot.

4. The motion to dismiss, filed on behalf of Defendant, Geisinger Clinic (Doc. 176) is **GRANTED**.

5. The Clerk of Court is directed to **TERMINATE** Defendant, Geisinger Clinic from the above captioned action.

6. Plaintiff's motion for sanctions against Defendant Geisinger Clinic (Doc. 154) is **DISMISSED** as moot.

7. The motion to dismiss, filed on behalf of Defendant Gina Harrison (Doc. 184) is **GRANTED**.

8. The Clerk of Court is directed to **TERMINATE** Defendant Harrison from the above captioned action.

9. Plaintiff's motion to strike Defendant Harrison's supplemental brief in support of her motion to dismiss (Doc. 218) is **DENIED**.

10. The Commonwealth's motion to dismiss Plaintiff's second amended complaint for failure to comply with Fed.R.Civ.P. 8 and Fed.R.Civ.P. 20 (Doc. 222) is **GRANTED**.

11. On, or before, **October 7, 2022**, Plaintiff shall file a third amended complaint, indicating which one of the four remaining "Conditions" in his second amended complaint he seeks to proceed with, as set forth in this Court's accompanying Memorandum.

12. Plaintiff's failure to file a third amended complaint, in accordance with this Court's accompanying Memorandum will result in Plaintiff second amend complaint proceeding on only "Condition One," and the remainder of Plaintiff's second amended complaint being stricken.

13. Plaintiff's partial motion for judgment on the pleadings (Doc. 171) is **DISMISSED** as premature.

14. Plaintiff's motions to compel discovery (Docs. 173, 182, 249) are **DISMISSED** without prejudice to renewal after the filing of Plaintiff's third amended complaint.

15. Plaintiff's motion to refer the above captioned action to this Court's Prison Litigation Settlement Program, (Doc. 208) is **DISMISSED** as premature.

16. Plaintiff's motion for more definite statement regarding the 801 Policy (Doc. 225) is **DISMISSED** as moot.

17. Plaintiff's motion to stay proceedings (Doc. 227) pending the production of Plaintiff's medical records and Plaintiff's

motion to defer ruling on pending motions (Doc. 241) is **DISMISSED** as premature.

18. Plaintiff's motion to strike Defendants' responsive pleadings and admit Plaintiff's allegations (Doc. 251) is **DENIED**.

19. Plaintiff's motion to supplement pleadings pursuant to Fed.R.Civ.P. 15(d) (Doc. 265) is **DISMISSED** as moot in light of Plaintiff being permitted to file a third amended complaint.

20. Plaintiff's motion for sanctions against the Department of Corrections for "intentionally and maliciously interfering with cases 21-1669 and 22-0112" (Doc. 285) is **DISMISSED** without prejudice to Plaintiff raising these unrelated claims in a new action.

21. Plaintiff's motion for oral argument as to the Defendants' Covid Protocols (Doc. 288) is **DENIED.**


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated**: **September 20, 2022**
21-1231-02-ORDER