**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**CHARLES TALBERT,**                     :

          **Plaintiff**          :     **CIVIL ACTION NO. 3:21-1231**

          **v.**               :              **(JUDGE MANNION)**

**JOHN WETZEL, et al.,**              :

          **Defendants**          :

**ORDER**

Presently before the Court is Plaintiff's motion for preliminary injunction
and request for oral argument (Doc. 169). Plaintiff, who is housed in
disciplinary confinement as a result of numerous misconducts, seeks an
order allowing him access to a telephone to call his family, to allow him to
purchase a radio and/or television from the commissary and to allow him to
purchase food from the commissary. (Doc. 170). Specifically, Plaintiff states
that he "suffers from both serious medical and mental health conditions" and
"has been repeatedly punished for his actions and behavior that had
stemmed from his serious mental health disorders and lack of treatment." …
"a serious digestive condition" and "he is not being fed enough nutrients to
maintain nourishment." Id. As a result, Plaintiff is in disciplinary custody
status in the Restricted Housing Unit (RHU) with limited privileges, including
no phone calls, no food from the commissary, and no television or radio in
his cell. Id. Plaintiff alleges that the deprivation of those three privileges has

caused him to suffer various mental health symptoms and "hunger, fatigue, malnourishment, and starvation and dehydration." Id.

Plaintiff, like all inmates in disciplinary confinement, is subject to DOC policy DC-ADM 801, Inmate Discipline. (See Doc. 193-1 at 2). It provides, in relevant part, that it is the "policy of [DOC] to operate a disciplinary process that provides clear notice [of] prohibited behavior, outlines a fundamentally fair hearing process, and establishes consistent sanctions for violations of [DOC] rules and regulations." Id. The policy "does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual." Id. The policy statement is accompanied by a Procedures Manual (effective Nov. 24, 2016), which provides, in relevant part, that an inmate in disciplinary custody status "shall not have the privileges of radio, television, telephone calls, . . . or personal property . . . unless approved by the Program Review Committee (PRC)." Id. In addition, "[c]ommissary purchases are limited to approved items for personal hygiene, [undergarments], and items needed for personal/legal correspondence (excluding pens/pencils). Tobacco products and outside purchases are prohibited." Id.

The Procedures Manual also provides that inmates' mental health and intellectual disability status is considered during disciplinary hearings for

- 2 -

misconduct. Id. In addition, a "psychology staff member" is "assigned to the RHU and will provide services consistent with" DOC policy. Id. Plaintiff does not allege that the Commonwealth Defendants have deviated from the policy, nor does he seek placement outside of disciplinary custody or the restrictive housing unit. Rather, he merely seeks additional permissions such as phone access, a television and/or radio, and the ability buy food from the commissary.

Preliminary injunctive relief is an extraordinary remedy and should issue only in limited circumstances. Ferring Pharm., Inc. v. Watson Pharm., Inc., 765 F.3d 205, 210 (3d Cir. 2014). Four factors inform a court's decision on the issuance of a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will suffer irreparable harm if denied relief; (3) whether the requested relief will cause greater harm to the nonmovant; and (4) whether an injunction would be in the public interest. Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012). The first two factors are "most critical" to the court's analysis, and the movant cannot succeed if either of these two factors are not established. Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017). If these first two "gateway factors" are met, the court

considers the remaining factors and determines whether all four factors, on balance, weigh in favor of granting the requested preliminary relief. Id.

In this case, Plaintiff's request for relief does not meet the criteria for issuance of a preliminary injunction. Initially, the Court notes that Plaintiff cannot establish success on the merits.

In order to prevail on a §1983 claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir.2000); Schiazza v. Zoning Hearing Bd., 168 F.Supp.2d 361, 372 (M.D.Pa.2001). The incidents complained about in the motion for injunctive relief are not allegations found in Plaintiff's second amended complaint. They relate to the conditions of his confinement at his present place of confinement, SCI-Camp Hill, where he was transferred after the filing of the instant action. These allegations could be pursued in a new lawsuit but are not part of the instant litigation. Further, even if the claims were a part of this action, Plaintiff still cannot show a likelihood of success on the merits.

To trigger protections under the Due Process Clause of the Fourteenth Amendment, a state actor must deprive the plaintiff of either a property right

or liberty interest. See Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972). Depriving already-incarcerated persons of liberty requires due process protections only if the deprivation imposes an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Any lesser restraints on a prisoner's freedom fall "within the expected perimeters of the sentence imposed by a court of law" and will not constitute a protected liberty interest. Id. The determination of what is "atypical and significant" depends on the range of conditions an inmate would reasonably expect to encounter while incarcerated. See Asquith v. Dep't of Corr., 186 F.3d 407, 412 (3d Cir. 1999). This determination is made by evaluating the challenged conditions under which the inmate is confined. Disciplinary and administrative segregation are the types of confinement inmates should expect to receive at some point during their confinement. It is the duration or degree of restriction that is examined in making the determination as to whether the confinement falls within the "atypical and significant hardship" realm. Sandin, 515 U.S. at 486. While Plaintiff complains of the lack of television, radio, and telephone, this does not rise to the level of deprivation which would suffice.

Perhaps, however, the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. See Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir.1980). Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir.1989). Speculative injury does not constitute a showing of irreparable harm. Continental, 614 F.2d at 359; see also Public Serv. Co. v. West Newbury, 835 F.2d 380, 383 (1st. Cir.1987). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Instant Air Freight, 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964)).

Plaintiff is not without adequate remedy. He has the ability to seek damages for the alleged violation of his rights by pursuing his administrative remedies within SCI-Camp Hill, or file a civil rights action based on the allegations contained in his motion for injunctive relief. As such, he cannot establish irreparable harm, as compensatory or other corrective relief is available to him.

Because Plaintiff is unable to establish either likelihood of success on the merits, or irreparable harm, it is unnecessary to discuss the remaining factors. <u>See</u> In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir.1982).

Consequently, **IT IS HEREBY ORDERED THAT** that Plaintiff's motion for preliminary injunction and request for oral argument (Doc. 169) is **DENIED**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  September 29, 2022**
21-1231-08

- 7 -