<u>UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA</u>

FILED
SCRANTON

FEB 2 8 2023

Per_____
DEPUTY CLERK

CHARLES TALBERT           NO. 21-CV-1231

V.                        ( JUDGE MANNION )

DEPARTMENT OF

CORRECTIONS, ET AL.       STATEMENT OF UNDISPUTED FACTS

1. PLAINTIFF HAS HAD MULTIPLE SURGERIES TO HIS GASTROINTESTINAL (GI) TRACT WHICH HAS SUBSTANTIALLY IMPAIRED HIS ABILITY TO EAT AND ELIMINATE BODILY WASTE FROM HIS DIGESTIVE SYSTEM.

2. PLAINTIFF HAS BEEN UNDER THE DEFENDANTS' CUSTODY SINCE DECEMBER 23, 2019, AND HAS BEEN UNDER DISCIPLINARY CUSTODY STATUS IN RESTRICTIVE HOUSING SINCE JANUARY 13, 2020.

3. UNDER DC STATUS, PLAINTIFF IS NOT ABLE TO PURCHASE FOOD ITEMS THAT MEDICAL STAFF HAS DEEMED MEDICALLY NECESSARY FOR HIM TO HAVE ACCESS TO.

4. PLAINTIFF HAS SOUGHT AN ACCOMMODATION FROM THE DEFENDANTS ON NUMERAL OCCASIONS TO RECEIVE ACCESS TO THE COMMISSARY VENDING SERVICE TO PURCHASE FOOD FOR HIS MEDICAL IMPAIRMENT BUT HAS BEEN DENIED EACH TIME.

5. PLAINTIFF'S CONDITION CAUSES HIM TO BE MALNOURISHED, DEHYDRATED, FATIGUED, SUFFER FROM PAIN, HAVE ACCIDENTAL BOWEL MOVEMENTS WHILE ASLEEP, AND SUFFER FROM MALABSORPTION IF NOT PROVIDED CERTAIN TYPES AND AMOUNTS OF FOOD THAT DEFENDANTS HAVE FAILED AND CONTINUES TO FAIL TO PROVIDE HIM ACCESS TO.

6. DEFENDANTS DO NOT HIRE OR CONTRACT MEDICAL PROFESSIONALS IN THE FIELD OF GASTROENTEROLOGY, WHICH IS WHY PLAINTIFF HAS BEEN DENIED ACCESS TO ADEQUATE NUTRITIONAL DIETARY CARE FOR THE MAINTENANCE OF HIS DISABILITY.

7. WHILE IN THE PHILADELPHIA DEPARTMENT OF PRISONS, PLAINTIFF WENT BACK AND FORTH TO THE HOSPITAL TO UNDERGO NUMEROUS SURGERIES AND AFTER RECEIVING PLAINTIFF'S PRESCRIBED DIETARY INSTRUCTIONS TO PROVIDE PLAINTIFF OPTIMAL FOOD CHOICES THAT CONFORMS TO HIS PERMANENT DISABILITY, THE

COUNTY PRISON FOLLOWED THAT REGIMEN THROUGHOUT HIS DETENTION, AND FORWARDED THOSE RECORDS OVER TO DEFENDANTS ON DECEMBER 12, 2019, TO WHICH THE DEFENDANTS ACKNOWLEDGED, BUT REFUSED TO FOLLOW, LEAVING PLAINTIFF TO SUFFER THE AFORESAID ADVERSE REACTIONS CAUSED BY HIS UNTREATED SYMPTOMS.

8. THE SANCTIONS UNDER SECTION 6 OF THE DC-ADM 801 POLICY, WHICH DENIES INMATES ACCESS TO FOOD ITEMS FOR THEIR HEALTH IS ARBITRARY AND IRRATIONAL, AND NOT REASONABLY RELATED TO ANY LEGITIMATE GOVERNMENTAL PURPOSE.

9. BY ENFORCING SECTION 6 OF THAT POLICY ON PLAINTIFF FOR OVER 3 YEARS DEMONSTRATES A VIOLATION OF DUE PROCESS AND A FAILURE TO HOUSE PLAINTIFF IN THE MOST INTEGRATED SETTING APPROPRIATE FOR HIS DISABILITY.

10. DEFENDANTS HAVE BEEN SUED IN OTHER CASES BY PLAINTIFF WITH FULL AWARENESS OF PLAINTIFF'S DISABILITY AND NEED FOR FOOD FROM IT'S COMMISSARY VENDING SERVICE, YET CONTINUES TO BE DELIBERATE INDIFFERENT TO HIS SERIOUS MEDICAL NEEDS.

I VERIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ABOVE HEREIN ARE TRUE AND CORRECT PURSUANT TO 28 USCS 1746.

*[signature]*

CHARLES TALBERT